**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RALPH McCLAIN,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No. 2:23-cv-4012-JDW** |
| | : | |
| **WALTER HAWKINS,** *et al.*, | : | |
| **Defendants.** | : | |

## MEMORANDUM

The procedural history in this case demonstrates that it's time for me to dismiss it without prejudice because Ralph McClain has not provided the information that the Clerk's office and U.S. Marshals Service need to effect service.

1.     On January 10, 2024, I granted Mr. McClain leave to proceed *in forma pauperis* and concluded that his claim against Correctional Officers Anthony Carter and Walter Hawkins for failure to protect survived statutory screening. *See McClain v. Carney*, No. 23-4012, 2024 WL 113761, at *10 (E.D. Pa. Jan. 10, 2024). I gave Mr. McClain the option of proceeding on that claim or filing an amended complaint. (ECF No. 8).

2.     The Clerk's Office mailed my Memorandum to Mr. McClain and faxed it to the warden of his facility, and the docket does not reflect that the Postal Service returned the mailing. Nonetheless, on February 22, 2024, Mr. McClain filed a Motion informing the Court of his new address because he had been transferred to a new facility and sought copies of docket sheets in this and other cases.

3.      I granted Mr. McClain's Motion and directed the Clerk's office to send him relevant pleadings, including the Memorandum that screened his claims. (ECF No. 10.)

4.      Mr. McClain never filed an amended complaint, so on March 14, 2024, I issued an Order directing the U.S. Marshals Service to serve the initial Complaint on Officers Hawkins and Carter pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). I directed Mr. McClain to complete and return enclosed copies of the U.S. Marshals Service of Form USM-285 by April 5, 2024, so that the Marshals Service could serve the remaining defendants.

5.      Mr. McClain never returned the required forms. On May 1, 2024, I issued an Order directing him to show cause as to why I should not dismiss his claims without prejudice for failure to provide the required information to enable service of the Complaint.

6.      Federal Rule of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Under Rule 4(m), "the court has the option of dismissing the action or extending time for service" if a defendant is not served within the ninety-day period.  *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). The court must extend the time for service, however, if the plaintiff demonstrates "good cause" for failure to serve. *See Boley v.*

*Kaymark*, 123 F.3d 756, 758 (3d Cir. 1997). Even if a plaintiff fails to show good cause for failure to serve, the court must still consider whether any additional factors warrant a "discretionary extension of time" prior to dismissal. *Id*. Although "courts should strive to resolve cases on their merits whenever possible . . . justice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims." *McCurdy v. Am. Bd. of Plastic Surgery*, 157 F.3d 191, 197 (3d Cir. 1998).

7.      Mr. McClain had to provide the information to permit the Marshals Service to effectuate service. *See Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020). He hasn't, despite the fact that I have given him time to do so and a warning about the potential consequences.

8.      Given this record, I have no choice but to conclude that Mr. McClain has abandoned his claims. I will therefore dismiss Mr. McClain's claims without prejudice. Because that order will terminate the case, I will do so in a separate order. *See* Fed. R. Civ. P. 58.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

June 20, 2024

3